# EXHIBIT A

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 11-1065 E

Michael Dunn , Plaintiff(s)

v.

Boston University , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Lana Sullivan of Davids & Cohen PC plaintiff's attorney, whose address is 40 Washington St., Ste 20, Wellesley, MA 02481 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the 25th day of March , in the year of our Lord two thousand eleven .

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 10M - 11/10

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                                  SUFFOLK SUPERIOR COURT
                                                              CIVIL ACTION NO.:

MICHAEL DUNN,                    )
                                 )
            Plaintiff,           )
                                 )
V.                               )
                                 )
BOSTON UNIVERSITY,               )
                                 )
            Defendant.           )

## COMPLAINT AND JURY DEMAND

### PARTIES

1. Michael Dunn ("Mr. Dunn") is a 47 year old individual with a mailing address of 472 Weetamoe Street, Fall River, Massachusetts, 02720.

2. Boston University ("Boston University") is a private teaching and research institution located at One Silber Way, Boston, Massachusetts, 02215.

### FACTS

4. In approximately 1993, Mr. Dunn started work at Boston University in the Information Services & Technology ("IS&T") Department.

5. Mr. Dunn accepted the job and continued to work there based partially on the Boston University tuition remission and/or tuition exchange program, which was a benefit of his employment.

6. The tuition remission program allows children of Boston University employees to attend the University for free. The tuition exchange program provides scholarships worth

approximately thirty one thousand dollars ($31,000) to children of Boston University employees who wish to attend a school other than Boston University.

7. Mr. Dunn's career at Boston University was extremely successful and his supervisors uniformly provided him with positive feedback about his work.

8. Mr. Dunn was promoted twice and his performance reviews over the years had been exemplary.

9. In 2009, Mr. Dunn was employed as the Assistant Director of Distributed Computing.

10. Beginning in the Fall of 2009, Tracy Schroeder, the Vice-President of IS&T, verbally demoted Mr. Dunn to Manager of Distributed Support and reduced his responsibilities.

11. Mr. Dunn's change in title was reflected on an organizational chart published within the Department.

12. Notwithstanding these changes, he continued to work to the best of his abilities.

13. Mr. Dunn and his staff became increasingly concerned after the Fall of 2009 that Ms. Schroeder was not administering her position in a competent and fair manner. Ms. Schroeder's actions were causing Mr. Dunn significant feelings of unhappiness and embarrassment about the demotion.

14. Mr. Dunn went to available resources set up at the University in confidence to discuss these matters. Though these conversations were required to be kept strictly confidential, at least some of these communications were revealed to his superiors responsible for his position.

15. During the Spring of 2010, Mr. Dunn learned that a new position, Service Desk Manager, had opened up within his group. Mr. Dunn's direct supervisor, Stacy Gianoulis, Director of the IT Help Center, discouraged him from applying for the position by telling him that

job would not interest him and that management was looking for a "younger person" to fill the role.

16. On May 26, 2010, Mr. Gianoulis abruptly terminated Mr. Dunn. Mr. Gianoulis stated that Mr. Dunn's position of "Assistant Director, Distributed Computer Services" was being "eliminated." However, Mr. Dunn had not served in that role since his demotion in the Fall of 2009.

17. Mr. Dunn was replaced by Jill Beckman, a woman approximately twenty years younger than him with considerably less experience.

18. On information and belief, Ms. Beckman is paid considerably less than Mr. Dunn was paid.

19. Boston University intentionally discriminated against Mr. Dunn on account of his age.

20. Upon information and belief, Boston University harbors a discriminatory animus and engages in a pattern of discriminating against older workers.

21. Upon information and belief, Boston University has a pattern and practice of terminating approximately forty (40) older workers on an annual basis.

22. Upon information and belief, since Mr. Dunn's termination Boston University has changed the job descriptions of several older workers and reclassified them as "Project Managers," removing them from their day to day positions.

23. Mr. Dunn's termination has been devastating to him. In addition to the loss of his job, wages, retirement benefits, dental care insurance and tuition remission/tuition exchange benefits, he has suffered great strain, hardship, emotional distress, anxiety, humiliation and embarrassment.

24. Boston University's actions have hampered and impeded his ability to find other professional opportunities. Since his termination, Boston University has consistently had about twenty-two (22) or so open positions in the IS&T Department.

25. Many of the peer universities in Boston are aware of these openings. Mr. Dunn is not being considered for positions at these peer universities because of the perception that he must have done something wrong at Boston University if he is no longer employed there notwithstanding the fact that there are multiple job openings.

26. Pursuant to state and federal legal requirements, Mr. Dunn filed his discrimination claims at the Massachusetts Commission Against Discrimination and Equal Opportunity Commission before filing this Complaint.

## COUNT I

### AGE DISCRIMINATION-29 U.S.C. §621

27. Mr. Dunn realleges and incorporates the allegations set forth in paragraphs 1 through 26 above.

28. The actions of the Defendant as set forth above constitutes age discrimination in violation of 29 U.S.C. §621 et. seq.

29. As a result of the Defendant's actions, Mr. Dunn has suffered damages including emotional distress, loss of wages, and other damages.

## COUNT II

### AGE DISCRIMINATION - M.G.L. c. 151B, § 4

30. Mr. Dunn repeats and reiterates the allegations set forth in paragraphs 1 through 29 as if set forth at length herein.

31. The actions of the Defendant as set forth above constitute age discrimination in violation of 29 U.S.C. §621 et. seq.

32. As a result of the Defendant's actions, Mr. Dunn has suffered damages including emotional distress, loss of wages, and other damages.

WHEREFORE, Michael Dunn hereby requests that this Court order the Defendant to award the following relief:

1. Back pay;
2. Front pay;
3. Reinstatement;
4. Lost benefits (including but not limited to tuition remission and/or tuition exchange);
5. Emotional distress damages;
6. Punitive damages;
7. Interest;
8. Attorneys' fees and costs; and
9. Any other relief to which Mr. Dunn may be entitled.

### JURY DEMAND

Mr. Dunn demands a jury trial on all his claims.

MICHAEL DUNN

By His Attorneys,

DAVIDS & COHEN, P.C.

_____
Ronald M. Davids, BBO# 115110
Lana Sullivan, BBO# 649364
40 Washington Street, Suite 20
Wellesley, MA 02482
(781) 416-5055

Dated: March 18, 2011